IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WARREN SANDERS | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv406 |
| JODY UPTON | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Warren Sanders, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is a motion to dismiss or, in the alternative, for summary judgment. As the respondent has presented information outside the pleadings, the filing will be considered as a motion for summary judgment. See FED.R.CIV.P. 12(d).

<u>Factual Background</u>

On November 17, 2008, incident report number 1801453 charged petitioner with engaging in sexual acts. The incident report stated that on November 17, 2008, a teacher at the Federal Correctional Institution at Schuylkill, Pennsylvania, was locking the educational rooms when she noticed petitioner sitting in a dark classroom. The incident report reflects that the teacher stated: "[petitioner] had his hand inside his pants and was moving his hand in an up and down motion on his penis area."

Petitioner received a copy of the incident report on November 18, 2008. On November 19, petitioner appeared before the Unit Discipline Committee. The committee referred the charge to a Disciplinary Hearing Officer ("DHO").

On December 15, 2008, the DHO conducted a hearing. At the conclusion of the hearing, the DHO found petitioner guilty of the offense with which he was charged. The following punishment was assessed: (a) placement in disciplinary segregation for 30 days; (b) loss of telephone, commissary and visiting privileges for 18 months; (c) disallowance of 27 days of good conduct time and (d) forfeiture of 58 days of non-vested good conduct time. The DHO explained his reasoning as follows:

> Sanders involvement in the incident as noted in ... Incident Report 1801453 ... was viewed as inculpatory in this case. Paraphrased, [the teacher] writes: On Monday, November 17, 2008, while locking the education classrooms for the evening, I noticed ... Sanders ... setting [*sic*.] in a dark classroom. From outside of the classroom I noticed he had his hand inside of his pants and was moving his hand [in] an up and down motion on his penis area. When I entered the classroom, I turned the light on and asked him what he was doing. He replied, "I'm fixing my pants." I told him I saw what he was doing and asked him for his ID card. I then told him to sit in the library area while I contacted the Lieutenant.
>
> The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information. The DHO finds the charge substantiated based on the inmate's actions. The inmate could not read or conduct any school work in a darkened classroom. His actions of masturbating is considered a sexual act due to the act ... being a sexual self gratification. The staff's observation of this act warranted the report to be written.
>
> Upon questioning by the DHO, ... Sanders ... denied the charge(s). He elaborated upon his plea by stating, the report is untrue.
>
> After the consideration of evidence ... the DHO has drawn the conclusion the greater weight of the evidence ... support(s) the finding ... Sanders... committed the prohibited acts ....

## Grounds for Review

Petitioner contends the teacher is a bitter racist who harassed him and who wrote a false incident report against him. He also states there was insufficient evidence to support the

2

conviction because the teacher would not have been able to see what he was doing in a darkened room.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 f.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

*Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1885); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)). Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result

of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986) (citation omitted).

Petitioner states there was insufficient evidence to support the conviction because the teacher would not have been able to see what he was doing in a darkened room. He also states that the teacher's testimony was not credible because it was motivated by racial animus.

As explained above, the level of review applicable to claims of insufficient evidence to support a disciplinary conviction is highly deferential and does not require the court to weigh the evidence and come to the same conclusion as the DHO. With this standard in mind, it must be concluded there was sufficient evidence to support the disciplinary conviction. The teacher stated she observed petitioner masturbating. This statement constitutes "some evidence" that petitioner engaged in the prohibited acts. The decision as to whether to find the testimony of the teacher credible based on the lighting in the room and any racial animus on the part of th teacher

was for the DHO.[2] On federal habeas review, this court may not substitute its judgment regarding credibility of witnesses for that of the DHO. As a result, there is no genuine dispute of material fact as to petitioner's grounds for review and the respondent is entitled to summary judgment.

ORDER

For the reasons set forth above, the respondent's motion for summary judgment is **GRANTED**. A final judgment shall be entered denying this petition for writ of habeas corpus.

**SIGNED** this the 24 day of **August, 2012.**

_____
Thad Heartfield
United States District Judge

---

[2] Nor has petitioner established the teacher denied him equal protection of the laws because there is no indication she treated inmates belonging to other racial groups differently.